## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Xavier Allen,** A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Ivory Butler,** A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) **)** |
| **Anthony Coleman**, A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Daryl Gillis**, A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Shadashia Gillis**, A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Antwone Grooms**, A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Tashawna Hardy,** A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Shareece Harris,** A committed ward of the City of Washington, D.C. 400 6th Street, S.W. Washington, D.C. 20024, and | ) ) ) ) ) |
| **Billy Harvey**, A committed ward of the City of Washington, D.C. 400 6th Street, S.W. | ) ) ) |

Washington, D.C. 20024, and )
)
**Marquise Harvey**, A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**Maria Herrera**, )
3618 Connecticut Ave., N.W. )
Washington, D.C. 20008 )
Individually and on behalf of her minor child, )
**Alex Herrera**, and )
)
**Alex Herrera**, Individually, and )
)
)
**Antonio Horton,** A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**Shaquita Howard,** A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**Lorenzo Phelps**, A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**James Portis,** a committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**Jordan Smith,** A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)
**Dennis Taylor**, A committed ward of the )
City of Washington, D.C. )
400 6th Street, S.W. )
Washington, D.C. 20024, and )
)

2

| | |
|---|---|
| **Robert Thomas**, A committed ward of the<br>City of Washington, D.C.<br>400 6th Street, S.W.<br>Washington, D.C. 20024, and<br><br>**Julius West,** A committed ward of the<br>City of Washington, D.C.<br>400 6th Street, S.W.<br>Washington, D.C. 20024, and<br><br>**William West,** a committed ward of the<br>City of Washington, D.C.<br>400 6th Street, S.W.<br>Washington, D.C. 20024, and<br><br>**Lathaniel White**, A committed ward of the<br>City of Washington, D.C.<br>400 6th Street, S.W.<br>Washington, D.C. 20024<br><br>v.<br><br>**Government of the District of Columbia,**<br>A Municipal Corporation<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>Serve<br>**Office of the Attorney General**<br>Robert J. Spagnoletti, Attorney General<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>And<br><br>**Mayor Anthony Williams**<br>Office of the Secretary<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

JURISDICTION

3

1. Jurisdiction of this Court is founded upon 28 U.S.C. 1331, the "Individuals with Disabilities in Education Act", 20 U.S.C. 1415, et seq., P.L. 101-476, and 42 U.S.C. 1983, et seq.

2. The plaintiffs are minor children, or were during the pendency of the underlying administrative proceedings, and/or their parents (guardians), suing on their behalf.

3. The plaintiffs are or were residents or wards of the District of Columbia during the pendency of the underlying administrative proceedings.

4. Plaintiffs join together in the action under Rule 20, Federal Rules of Civil Procedure.

5. The Defendant, Government of the District of Columbia, is a municipal corporation. As one of its statutory functions, Defendant established and supports the Board of Education (Board) that governs the District of Columbia Public School System, (DCPS). The Board and the DCPS are responsible for affording children in the District of Columbia all rights and privileges granted pursuant to the "Individuals with Disabilities in Education Act" (IDEA), 20 U.S.C. 1415, and et. seq. Specifically, in the instance case, the Board and the DCPS are responsible for issuing payments of attorney's fees and costs incurred by the plaintiffs, as prevailing parties, in pursuing claims and actions under IDEA.

6. Mayor Anthony Williams is chief executive officer of the Government of the District of Columbia, who is responsible for the proper execution of all laws relating to the District.

7.  The Office of the Attorney General is charged to conduct all legal business of the Government of the District of Columbia and to defend all suits instituted against said government.

## STATEMENT OF FACTS

### COUNT I

In each of the individual plaintiff's cases in Count I,

8.  The prevailing party in the matter(s) before the DCPS was the Plaintiff.

9.  Attorney's fees and related costs based on rates prevailing in the community for the kind and quality of services furnished are to be awarded to the prevailing party.

10. The Plaintiffs were or are represented by Anthony R. Davenport, Esq., PC, (Davenport) either by appointment from a Judge of the District of Columbia Superior Court, or through a private retainer arrangement.

11. The services provided by Davenport were ordinary and necessary to successfully represent the plaintiffs.

12. Davenport provided services that were consistent with the level of services that he would provide to any of his clients based on his expertise and experience, his understanding of the law to be applied in these cases and his normal office practices.

13. DCPS acknowledged the representation of the Plaintiffs by Davenport, and its responsibility to issue payment for attorney fees, by making partial payments on certain invoices which Davenport submitted to the DCPS in accordance with IDEA, 20 U.S.C. 1415 et seq.

14. DCPS did not challenge the billing rate of Davenport as unreasonable.

15. DCPS did not deny that the time and related services, represented on the invoices as billable, had been actually incurred by Davenport.

16. DCPS arbitrarily withheld payment of all, or a portion of the amount billed on the invoices challenged herein.

17. DCPS did not dispute the services provided by Davenport (i.e. review, evaluation and document preparation) but reduced invoiced amounts by rejecting some of the time designated by Davenport as necessary to complete various services.

18. DCPS did not challenge the need for the services provided by Davenport only the amount of time spent.

19. DCPS has not published a schedule of fees but allows attorneys to use reasonable judgment in determining not only the types of services to be provided but also the time to be allocated to various services.

20. DCPS rejected the time spent by Davenport in traveling to and from required meetings and hearings in this matter.

21. DCPS did not challenge the accuracy of the time spent by Davenport on travel to required meetings and hearings in this matter.

22. DCPS did not reduce the amount paid on the invoice for travel based on any factual data obtained from Davenport, or any other source, as to the time actually spent on each case.

23. DCPS reduced the payment for each of the individual plaintiffs in Count I in the amount indicated below:

**AMOUNTS ORIGINALLY BILLED AND AMOUNT REDUCED**

|  | Billed | Paid | Unpaid |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **ANTHONY COLEMAN** | $2,040.00 | $1,440.00 | $ 600.00 |
| **DARYL GILLIS** | $6,155.00 | $2,270.00 | $3,885.00 |
| **SHADASHIA GILLIS** | $2,310.00 | $2,160.00 | $ 150.00 |
| **ANTWONE GROOMS** | $4,325.00 | $2,790.00 | $1,535.00 |
| **BILLY HARVEY** | $4,315.00 | $3,545.00 | $ 770.00 |
| **MARQUISE HARVEY** | $3,705.00 | $2,865.00 | $ 840.00 |
| **SHAQUITA HOWARD** | $5,310.00 | $2,475.00 | $2,835.00 |
| **XAVIER ALLEN** | $4,650.00 | $1,670.00 | $2980.00 |
| **TOTAL UNPAID** | | | **$13, 595.00** |

## COUNT II

24.   Plaintiffs reallege and incorporate by reference Paragraphs 8-22 of this complaint.

25.   In addition to arbitrarily reducing the amounts billed by Davenport for services rendered to the above-named plaintiffs, DCPS has also failed to remit payment to Davenport for each of the individual Plaintiffs in Count II.

26.   Davenport submitted invoices, in accordance with IDEA, 20 U.S.C. 1415 et seq., to the DCPS for each of the individual Plaintiffs in Count II.

27.   DCPS has failed to remit payment to Davenport for each of the below-listed individual Plaintiffs in Count II, despite Davenport's repeated attempts to obtain payment through telephone calls, written communication, and face-to-face meetings with the DCPS Office of Finance and the DCPS Office of Legal Counsel.

28.   DCPS has failed to remit payment in each of the following Plaintiff's cases and in the amounts indicated below:

**AMOUNTS CLAIMED DUE AS OF THE DATE OF THE COMPLAINT:**

|  | Date Billed | Amount Billed | Amount Paid |
|---|---|---|---|
| **ANTONIO HORTON** | 6/29/05 | $3300.00 | $2850.00 |
| **DENNIS TAYLOR** | 6/29/05 | $2640.00 | $1650.00 |
| **ANTOWNE GROOMS** | 6/29/05 | $2790.00 | $1530.00 |
| **ROBERT THOMAS** | 7/16/05 | $2580.00 | $2070.00 |
| **BILLY HARVEY** | 8/03/05 | $3516.00 | $0 |
| **LATHANIEL WHITE** | 6/25/05 | $4,362.80 | $0 |
| **TASHAWNA HARDY** | 6/29/05 | $6,536.66 | $0 |
| **DARYL GILLIS** | 7/18/05 | $2850.00 | $0 |
| **JULIUS WEST** | 8/13/05 | $3780 | $0 |
| **IVORY BUTLER** | 8/13/05 | $3300 | $0 |
| **JORDAN SMITH** | 8/17/05 | $4675 | $0 |
| **SHAREECE HARRIS** | 5/05/05 | $3060 | $0 |
| **MARQUISE HARVEY** | 4/11/05 | $3705 | $0 |
| **WILLIAM WEST** | 9/23/05 | $3750 | $0 |
| **LORENZO PHELPS** | 9/23/05 | $4302.50 | $0 |
| **JAMES PORTIS** | 9/23/05 | $3750 | $0 |
| **TOTAL UNPAID:** |  |  | **$ 58,897.96** |

## COUNT III

29. Plaintiffs reallege and incorporate by reference Paragraphs 8-26 of this complaint.

30. In addition to failing to render timely and complete payment to Plaintiffs' counsel for services rendered, DCPS has also failed to create a fair and equitable process for the review and processing of invoices it receives.

31. DCPS Attorney Advisors, who represent the DCPS at Due Process administrative hearings and in required school meetings, are later tasked with reviewing and approving invoices submitted by opposing counsel. This practice creates a clear conflict of interests. Plaintiffs further question DCPS Attorney Advisors' qualifications to handle billing tasks, which are customarily performed by trained accountants and other financial professionals.

32. Further, DCPS has not published, or established, formal procedures for the review and processing of the invoices DCPS receives. This has resulted in arbitrary, capricious, inconsistent, and unexplained review, processing and payment practices at the DCPS.

33. DCPS' above-described practices have stymied the Plaintiffs' access to assistance of counsel in matters under the IDEA, because otherwise-willing members of the Plaintiffs bar are hesitant to accept such cases for fear of nonpayment for services rendered.

## COUNT IV

34. Plaintiff, Alex Herrera, was a student in the District of Columbia Public Schools and a minor child for a portion of the pendency of the underlying administrative proceeding.

35. Plaintiff resides with his mother, Maria Herrera, in Washington, D.C.

36. Plaintiff was subject to a Due Process Hearing dated July 31, 2002. The result of that hearing was a Hearing Officers Determination (HOD) that Plaintiff, Alex Herrera, required a residential school placement.

37. Plaintiff was the prevailing party at the Due Process Hearing.

38. Defendant, DCPS, failed to offer such a residential placement to the Plaintiff, causing the Plaintiff's mother to locate an appropriate placement for her son on her own.

39. The Plaintiff's mother located a facility, SunHawk Academy in Utah, and advised DCPS of this. DCPS advised her in a meeting on August 21, 2002 that she should travel with her son to visit the school, taking his clothing with them, and if she liked the school, that she should enroll her son and leave him at the school.

40. The Plaintiff's mother accepted the advice of Defendant, DCPS; traveled to the school, determined that it was appropriate for her son and enrolled him immediately. Following the advice of Defendant, DCPS, she left the Plaintiff at the school.

41. The Plaintiff's mother submitted proof of her expenses to the DCPS and has not been reimbursed.

42. The Plaintiff's mother visited the Plaintiff child at the school in Utah on several occasions and the child came home to visit on other occasions.

43. The Defendant should have reimbursed the Plaintiff mother under the terms of the HOD.

44. The Plaintiff mother incurred expenses of Six Thousand six hundred eighty-four dollars and thirty cents ($6684.30) for various travel and related educational expenses.

45. The Plaintiff's mother submitted proof of her expenses to the DCPS and has not been reimbursed.

46.     The Plaintiff remained at the school for almost two school years. Upon returning from SunHawk, DCPS failed to provide the plaintiff necessary services requiring the mother to advance additional cost for private tutoring.  DCPS has acknowledged the legitimacy of these expenses.

47.     The Plaintiffs and their attorney have made repeated attempts to have the Defendant reimburse these expenses and costs in the following amounts:

### SCHEDULE OF UNPAID INVOICES

| Organization | Service Rendered | Date of Services | Invoice Amount |
| --- | --- | --- | --- |
| David F. McBride | IEP-based Tutoring in Academic Skills, Reading, Math and Writing | April 2004 | $ 240.00 |
| | IEP-based Tutoring in Academic Skills, Reading, Math and Writing | May 2004 | $ 240.00 |
| | IEP-based Tutoring in Academic Skills, Reading, Math and Writing | June 2004 | $ 180.00 |
| | IEP-based Tutoring in Academic Skills, Reading, Math and Writing | Sept. 2004 | $ 480.00 |
| | IEP-based Tutoring in Academic Skills, Reading, Math and Writing | Dec. 2004 | $ 300.00 |
| Maria Herrera | Airline tickets (AH) | June 19, 2003 | $ 433.00 |
| | Airline tickets (AH) | August 27, 2002 | $ 739.50 |
| | Airline tickers (MH) | August 27, 2002 | $ 739.50 |
| | Airline tickers (AH) | August 3, 2003 | $ 539.00 |
| | Airline tickers | March 4, 2004 | $ 292.60 |
| | Airline tickers | January 12, 2003 | $ 398.00 |
| | Room and Board Exp. | January 12-15, 2003 | $ 205.63 |
| | Room and Board Exp. | August 13-18, 2003 | $ 264.85 |
| | Room and Board Exp. | August 25-27, 2002 | $ 146.24 |

11

|  | Taxicab fares | Various dates | $ 217.00 |
|---|---|---|---|
|  | Pharmacy | June 6, 2003 | $ 310.99 |
|  |  | June 30, 2003 | $ 92.99 |
|  | Music Lesson | June 2004 | $ 865.00 |
| Total |  |  | $ 6,684.30 |

## COUNT V

48. In delivering legal services to the individual plaintiffs, in accordance with IDEA, 20 U.S.C. 1415 et seq., Mr. Davenport used the services of outside psychological consultants as provided for under the Statute.

**AMOUNTS CLAIMED DUE AS OF THE DATE OF THE COMPLAINT:**

**Dates of Service          Amount Billed**

## RELIEF SOUGHT

**WHEREFORE**, the plaintiffs respectfully request that this Honorable Court

A. Find the Defendants have, with respect to these Plaintiffs, deprived said Plaintiffs of the rights, privileges and the benefits that are available and secured by the applicable laws of the United States, specifically 20 U.S.C. 1400 et. seq.

B. As to Count I, award the Plaintiffs damages in the amount of Thirteen Thousand Five Hundred and Ninety-Five dollars ($ 13,595.00) for reasonable attorneys' fees under the statute.

C. As to Count II, award the Plaintiffs damages in the amount of Fifty-Eight Thousand Eight Hundred and Ninety-Seven dollars and Ninety-Six cents ($58,897.96) for reasonable attorneys' fees under the statute.

D. As to Count III, find that DCPS' current procedure for the processing and payment of invoices submitted by Plaintiff's counsel under IDEA is inappropriate and

results in arbitrary, capricious and inconsistent review, processing, and payment practices, such that DCPS is required to establish a new system for invoice processing and payment. Said new invoice processing and payment system is to include review and processing of invoices by qualified and/or independent personnel, or an independent accounting agency, and formal and published timelines and procedures for review and timely payment.

C.	As to Count IV, award the Plaintiffs an amount equal to their reasonable costs for reimbursement of expenses, Six Thousand six hundred eighty-four dollars and thirty cents ($6,684.30) for the Plaintiffs mother's trips to SunHawk and the Plaintiff son's trips home plus other related school expenses paid by the mother.

D.	Award to the Plaintiffs pursuant to 42 U.S.C. 1983, etc. seq., the reasonable attorneys' fees and cost incurred by virtue of the instant litigation.

E.	Award any other relief that this Honorable Court deems just and appropriate based on the allegations of this litigation.

Respectfully Submitted


Anthony R. Davenport (405079)
Anthony R. Davenport, P.C.
601 Pennsylvania Ave. N.W.
Suite 900
Washington, D.C. 20004
202 434 8201