UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROLANDA AVERY,<br>Parent and next friend of X.A.,[1]<br>A minor, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0441 (ESH/JMF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STAY MEDIATION UNTIL
PLAINTIFFS PROVIDE DEFENDANT WITH ALL
PERTINENT DOCUMENTS TO ESTABLISH FEE ENTITLEMENT**

  Defendant, by counsel, respectfully requests that this Court stay mediation for settlement negotiations until after the plaintiffs provide the defendant with all pertinent documents to establish fee entitlement, such as the administrative hearing officer's decisions relied on, and the related attorneys' invoices. A memorandum of points and authorities and a proposed order are attached hereto.

  Pursuant to LCvR 7(m), the undersigned counsel sought plaintiffs' counsel's consent for this motion on August 8, 2006, but has not yet heard back from her; thus, the undersigned counsel assumes that plaintiffs' counsel does not consent.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General of the District of Columbia

---

[1] All minors will be referred to only by their initials, pursuant to LCvR 5.4(f)(2).

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

August 8, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLANDA AVERY, <br> Parent and next friend of X.A., <br> A minor, <u>et</u> <u>al</u>., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, <br><br> Defendant. | Civil Action No. 06-0441 (ESH/JMF) |

**MEMORANDUM AND POINTS OF AUTHORITY IN
SUPPORT OF DEFENDANT'S MOTION TO STAY MEDIATION
UNTIL PLAINTIFFS PROVIDE DEFENDANT WITH ALL
PERTINENT DOCUMENTS TO ESTABLISH FEE ENTITLEMENT**

**INTRODUCTION**

On June 28, 2006, this Court referred the present case to Magistrate Judge Facciola for settlement discussions. Magistrate Judge Facciola then set the first settlement conference for August 10, 2006, at 2:00 p.m. At the initial scheduling conference and in a subsequent Minute Order on June 28, 2006, this Court ordered that the parties exchange initial disclosures on July 17, 2006.

**ARGUMENT**

At this point, the defendant is not in a position to discuss settlement because the plaintiffs have not provided the defendant with basic information about each plaintiff's individual claim (aside from the claims of Maria Herrera). For example, the plaintiffs have not supplied any information or documentation about the specific administrative hearings for which they seek fees. Nor have they provided the defendant with copies of

3

their invoices. Especially in situations where the plaintiffs allege that no fees have been paid, it is possible that DCPS did not receive the invoices and would not oppose paying some or all of their fees without Court involvement.

Notably, the plaintiffs would have to provide such basic and particular information for each plaintiff to support their claims for fees should this case not settle. Under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§1400 et seq., the Court is empowered to exercise its discretion in determining the amount of fee awards. However, the *plaintiff* bears the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours and justifying the reasonableness of the rates. See Blum v. Stenson, 465 U.S. 866, 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Covington v. District of Columbia, 313 U.S. App. D.C. 16, 57 F.3d 1101, 1107 (1995), cert. denied, 516 U.S. 1115 (1996). "The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." Smith v. Roher, 954 F.Supp. 359, 365 (D.D.C. 1997) (citing In re North, 303 U.S. App. D.C. 443, 8 F.3rd 852 (1993)). "Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high degree of certainty* that such hours were actually and *reasonably expended*….'." In re Olson, 280 U.S.App.D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting United Slate, Tile & Composition v. G&M Roofing, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original).

The defendant has repeatedly sought from the plaintiffs this documentation.[2] In fact, the primary reason the defendant did not file a motion for a more definite statement

---

[2] Plaintiffs' counsel earlier indicated that she would be providing the undersigned counsel with the pertinent documents on or about July 31, 2006; no documentation has been forthcoming, however.

vis-à-vis the Amended Complaint is that the plaintiffs, in the parties' Meet and Confer statement, agreed to "file with the Court all pertinent documents to establish fee entitlement, such as invoices and hearing officer's decisions, within 30 days of the Motions Scheduling Order."  E-File Document No. 11, at 3.  While the Meet and Confer Statement was not adopted by the Court, the Court did require that initial disclosures be provided on July 17, 2006.  June 28, 2006, Minute Order.  In <u>Smith v. District of Columbia</u>, Civ. Action No. 02-373, a similar case in which several plaintiffs sought attorneys' fees for administrative hearings, this Court ordered the plaintiffs to provide the same information to the defendant that the defendant seeks here.  April 19, 2002, Order.  And the provision of such documentation is consistently required in all such fee cases.

Here, in the absence of the missing information, there simply is nothing on the basis of which any meaningful discussion can be conducted.  Settlement meetings would be a waste of time for counsel and the Magistrate Judge.

## **CONCLUSION**

For the above reasons, this Court should stay mediation until the plaintiffs provide the defendant with basic information and documentation about each of the plaintiffs' claims, which is necessary for any meaningful conduct of settlement negotiations.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov